IN THE COURT OF CRIMINAL APPEALS

OF TEXAS






PD-1420-06, PD-1421-06,

PD-1422-06, PD-1423-06,

PD-1424-06, PD-1425-06,

& PD-1426-06 






TYRON LAMOND BANKS, Appellant


v.


THE STATE OF TEXAS






On Discretionary Review of Cases

 05-05-01050-CR, 05-05-01051-CR, 05-05-01052-CR, 05-05-01053-CR,

05-05-01054-CR, 05-05-01055-CR, and 05-05-01056-CR of the

Fifth Court of Appeals, Dallas County





 Per curiam. 



 We granted review of these cases to consider issues that include the relationship of Rule
of Appellate Procedure 34.6(f) (1) to Section 52.046(a)(4) of the Government Code. (2)

 We think that the cases also may involve the issue of the relationship of those provisions
to Rule of Appellate Procedure 13.6. (3)

 So that the Court of Appeals may give consideration to that issue, we vacate its judgments and remand the cases to that court for further proceedings, which may include further
briefing by the parties or any other actions not inconsistent with this opinion.


Delivered June 18, 2008

Do Not Publish
1. (f) Reporter's Record Lost or Destroyed. An appellant is entitled to a new trial under the following
circumstances:

(1) if the appellant has timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and
records has been lost or destroyed or-if the proceedings were electronically recorded-a significant portion of the
recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to
the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties,
or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by
the trial court to accurately duplicate with reasonable certainty the original exhibit.


Tex. R. App. P. 34.6(f).
2. (a) On request, an official court reporter shall: (4) preserve the notes for future reference for three years
from the date on which they were taken.


Tex. Gov't Code 52.046(a)(4).
3. Filing of Notes in a Criminal Case. When a defendant is convicted and sentenced, or is granted deferred
adjudication for a felony other than a state jail felony, and does not appeal, the court reporter must-within 20 days
after the time to perfect the appeal has expired-file the untranscribed notes or the original recording of the
proceeding with the trial court clerk. The trial court clerk need not retain the notes beyond 15 years of their filing
date.


Tex. R. App. P. 13.6.